UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DALE M. RICKERT,                )
                                ) No. CV-05-0392-AAM
        Plaintiff,              )
                                ) ORDER GRANTING IN PART
v.                              ) PLAINTIFF'S MOTION FOR
                                ) SUMMARY JUDGMENT; REMANDING
JO ANNE B. BARNHART,            ) CASE TO ALJ
Commissioner of Social          )
Security,                       )
                                )
        Defendant.              )
                                )

BEFORE THE COURT are Plaintiff's Motion for Summary Judgment (Ct. Rec. 16) and Defendant's Motion for Summary Judgment (Ct. Rec. 22). Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Terry E. Shea represents the Commissioner of Social Security ("Commissioner"). The court has taken these matters under submission without oral argument. After reviewing the administrative record and the briefs filed by the parties, the court DENIES Defendant's Motion for Summary Judgment (Ct. Rec. 22) and GRANTS IN PART Plaintiff's Motion for Summary Judgment (Ct. Rec. 16).

**JURISDICTION**

On December 3, 2002, the Plaintiff filed an application for Supplemental Security Income (SSI) disability benefits and for a

ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT;
REMANDING CASE TO ALJ - Page 1

period of disability insurance benefits. (Tr. 20, 58-60). He alleged disability commencing on an unspecified date in 1993 due to back pain stemming from an accident where he broke his back, severe migraine headaches with photophobia, Post Traumatic Stress Disorder (PTSD), and tendinitis in his arms.  (Tr. 72). He claimed his migraines required bed rest and he could not lift, bend, twist or perform any repetitive motion, nor stand for more than 30 minutes. (Tr. 72). After his applications were denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held before ALJ James A. Burke on November 19, 2004 (Tr. 479-507), at which Plaintiff appeared with counsel and testified on his own behalf. Also offering testimony at the hearing was vocational expert, Tom L. Moreland.  On January 23, 2005, the ALJ issued a partially favorable decision finding Plaintiff disabled and eligible for SSI disability benefits based upon the Medical-Vocational Guidelines (Guidelines) as of August 2002.  Prior to August 2002, the ALJ found that the Plaintiff could return to past relevant work.

When the appeals council denied review on November 5, 2005 (Tr. 6-8), the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).   Plaintiff filed this action seeking judicial review of the Commissioner's denial of his applications for Disability Insurance Benefits pursuant to 42 U.S.C. § 405(g) on December 8, 2005.  (Ct. Rec. 1).

/ / /

/ / /

ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT;
REMANDING CASE TO ALJ - Page 2

1

### STATEMENT OF FACTS

2      The facts have been presented in the administrative hearing
3  transcript, the ALJ's decision, the briefs of both the Plaintiff and
4  the Commissioner and will only be summarized here.

5      Plaintiff was 51 years old on the date last insured, December
6  31, 1995, and 60 years old on the date of the ALJ's decision.  He
7  has a high school education and attended two years of college. (Tr.
8  484).  He joined the National Guard in 1966 and served in the U.S.
9  Army from 1968 to 1969 and from 1974-1977, which included active
10  duty service in Vietnam in 1968.  (Tr. 108, 269,  484).  He has past
11  relevant work as a carpenter and a typist.  (Tr. 61, 73, 81-83).
12  Plaintiff's medical reports note in the mid-1980s he was injured in
13  two accidents, one a high speed motor vehicle accident and another
14  where he fell off a ladder to a concrete floor suffering a
15  compression fracture of the spine. Plaintiff's history includes a
16  period of alcohol abuse until 1994 and incarceration from 1995-1998.
17  The medical evidence is addressed below in conjunction with the
18  court's analysis.

19          ### SEQUENTIAL EVALUATION PROCESS

20      In order to be eligible for Social Security Disability
21  Insurance ("SSDI") benefits, Plaintiff must establish that he became
22  disabled prior to the expiration of his insured status. See
23  generally 42 U.S.C. §§ 414, 423(a),(c); 20 C.F.R. §§ 404.101 et
24  seq.; *Chapman v. Apfel*, 236 F.3d 480, 482 (9th Cir. 2000). Plaintiff
25  does not challenge the ALJ's determination that his disability
26  insured status expired on December 31, 1995. (Tr. 20, 64).

27  / / /

28  ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT;
REMANDING CASE TO ALJ - Page 3

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a Plaintiff is not only unable to do previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether Plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If Plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares Plaintiff's impairment with a number of listed impairments

ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT;
REMANDING CASE TO ALJ - Page 4

1   acknowledged by the Commissioner to be so severe as to preclude
2   substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii),
3   416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the
4   impairment meets or equals one of the listed impairments, Plaintiff
5   is conclusively presumed to be disabled. If the impairment is not
6   one conclusively presumed to be disabling, the evaluation proceeds
7   to the fourth step, which determines whether the impairment prevents
8   Plaintiff from performing work which was performed in the past. If
9   a Plaintiff is able to perform previous work, that Plaintiff is
10  deemed   not   disabled.   20   C.F.R.   §§   404.1520(a)(4)(iv),
11  416.920(a)(4)(iv).

12      At this step, Plaintiff's residual functional capacity ("RFC")
13  assessment is considered. If Plaintiff cannot perform this work,
14  the fifth and final step in the process determines whether Plaintiff
15  is able to perform other work in the national economy in view of
16  Plaintiff's residual functional capacity, age, education and past
17  work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v);
18  *Bowen v. Yuckert*, 482 U.S. 137 (1987).

19      The initial burden of proof rests upon Plaintiff to establish
20  a *prima facie* case of entitlement to disability benefits. *Rhinehart*
21  *v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172
22  F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once
23  Plaintiff establishes that a physical or mental impairment prevents
24  the performance of previous work. The burden then shifts, at step
25  five, to the Commissioner to show that (1) Plaintiff can perform
26  other substantial gainful activity and (2) a "significant number of
27  / / /

28  ORDER GRANTING IN PART
    PLAINTIFF'S MOTION FOR
    SUMMARY JUDGMENT;
    REMANDING CASE TO ALJ - Page 5

1 | jobs exist in the national economy" which Plaintiff can perform.
2 | *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

3 | **STANDARD OF REVIEW**

4 | Congress has provided a limited scope of judicial review of a
5 | Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold
6 | the Commissioner's decision, made through an ALJ, when the
7 | determination is not based on legal error and is supported by
8 | substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th
9 | Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
10 | "The [Commissioner's] determination that a plaintiff is not disabled
11 | will be upheld if the findings of fact are supported by substantial
12 | evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)
13 | (*citing* 42 U.S.C. § 405(g)).  Substantial evidence is more than a
14 | mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10
15 | (9th Cir. 1975), but less than a preponderance.  *McAllister v.*
16 | *Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v.*
17 | *Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir.
18 | 1988).  Substantial evidence "means such evidence as a reasonable
19 | mind might accept as adequate to support a conclusion."  *Richardson*
20 | *v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch
21 | inferences and conclusions as the [Commissioner] may reasonably draw
22 | from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348
23 | F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the
24 | record as a whole, not just the evidence supporting the decision of
25 | the Commissioner.  *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir.
26 | 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).
27 | / / /

28 | ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT;
REMANDING CASE TO ALJ - Page 6

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

The ALJ found at step one that Plaintiff has not engaged in substantial gainful activity since his alleged date of disability. (Tr. 26).  At step two, the ALJ found that the medical evidence established the Plaintiff had been diagnosed and/or evaluated for the severe impairments of depression, post traumatic stress disorder (PTSD) and a personality based disorder.  (Tr. 23, 26). The ALJ then concluded that Plaintiff did not and does not have an impairment or combination of impairments listed in or medically equal to one of the Listings impairments.  (Tr. 26).   The ALJ found that prior to August 2002, Plaintiff retained the ability to perform work at the

ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT;
REMANDING CASE TO ALJ - Page 7

light exertion[1] level. (Tr. 27). As of August 2002, the ALJ found Plaintiff's pain and mental health dysfunction reduced his functional capacity to "less than sedentary." (Tr. 27). Accordingly, the ALJ found the Plaintiff disabled within the meaning of the Social Security Act since August 2002, but not before that date. (Tr. 27).

**ISSUES**

Plaintiff contends that he was disabled before his insured status ran out in 1995. He alleges the Commissioner erred as a matter of law and that his decision was not supported by substantial evidence. Specifically, in this appeal, Plaintiff claims that the ALJ failed to properly consider the onset and disabling effects caused by migraines and post-traumatic stress disorder stemming from his war duty in Vietnam. He argues that (1) the ALJ erred by failing to properly consider the opinions of Dr. Jeanne M. Far, Ph.D.; 2) the ALJ improperly relied upon the reports of the state agency medical consultants without considering the testimony of the vocational expert; 3) the ALJ did not accord sufficient weight to the Veterans Administration determination of disability; and 4) the ALJ did not properly consider the lay testimony.

The Commissioner opposes the Plaintiff's motion and requests the ALJ's decision be affirmed. Ct. Rec. 12.

/ / /

---

[1]Light work involves lifting items weighing up to 20 pounds at a time with frequent lifting or carrying of items weighing up to 10 pounds. If someone can perform light work, he also can perform sedentary work. See 20 C.F.R. §§ 404.1567(b), 416.967(b) (2004).

ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT;
REMANDING CASE TO ALJ - Page 8

**DISCUSSION**

**A. Relevant Period**

As stated earlier, in order to be entitled to disability insurance benefits Plaintiff must demonstrate that he became disabled on or before December 31, 1995. The ALJ determined that although Plaintiff now suffers from a severe impairment as defined under Social Security law, there was no medical evidence showing that his conditions had arisen by 1995, or that they constituted a severe impairment at that time. (Tr. 22, 23, 25). Essentially, the ALJ's ruling was that Plaintiff had failed to establish the existence of a severe impairment during his insured period. *Id*.

**B.   New Evidence**

Before reviewing the Commissioner's decision, it is necessary to clarify the contents of the record and what role is played by the additional material tendered by the Plaintiff to the Appeals Council after the ALJ's decision. In this case, the Appeals Council specifically considered the following additional evidence proffered by the Plaintiff:

1) Letter from Representative dated July 8, 2005 (including "Comments by Dale's wife Teresa Rickert")(Tr. 437-443);

2) Statement of Claimant (Tr. 445-453);

3) Statement of J. Far dated May 12, 2005 (Tr. 454-456);

4) VAMC records from September 2002-November 2003 (Tr. 457-478).

(Tr. 6-9). The Ninth Circuit decided in *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993), that when the Appeals Council

ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT;
REMANDING CASE TO ALJ - Page 9

specifically considers materials not seen by the ALJ in the context of denying the Plaintiff's request for review, on appeal "we consider the rulings of both the ALJ and the Appeals Council," and the record for review includes the ALJ's decision and the additional new evidence.  8 F.3d at 1452.  As this evidence was specifically considered by the Appeals Council, in accordance with *Ramirez*, it is now part of the record this court reviews to evaluate the ALJ's decision in this case.

**C. Step Two**

It is the Plaintiff's burden to show that a severe medically determinable impairment or combination of impairments existed before the date last insured. The *existence* of such an impairment must be shown by medical evidence, not by the Plaintiff's own testimony about symptoms or their effect on him. 20 C.F.R. § 404.1512(c); *Flint v. Sullivan*, 951 F.2d 264, 267 (10th Cir. 1991).  An impairment or combination of impairments may be found "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted); *see Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988). The Commissioner has stated that "[i]f an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step." S.S.R. No. 85-28 (1985). Step two, then, is "a de minimis screening device [used] to dispose of groundless claims," *Smolen*, 80 F.3d at 1290, and an ALJ may find

that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by medical evidence." S.S.R. 85-28.

Thus, the question here is whether substantial evidence supports the ALJ's finding Plaintiff did not have a medically severe impairment or combination of impairments prior to his date last insured. *See also Yuckert*, 841 F.2d at 306 ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here.").

In this case, all parties have recognized there is very minimal medical evidence relating to the relevant time period. However, the court concludes the ALJ did not adequately consider the few available records. The ALJ found Plaintiff did not establish he suffered from a medically severe impairment or combination of impairments prior to the lapse of his insured period, despite objective medical evidence demonstrating he suffered from a compression fracture of his spine in a fall in the 1980s, chronic back pain (degenerative disc disease) in 1990, 1991 and 1994, and lack of employment during this time period. Moreover, there are medical reports noting suicidal ideation in 1991 (Tr. 134), and retrospectively diagnosing PTSD (Tr. 434-435, 456). Specifically, the records from Kaiser Permanente (Tr. 127-139) evidence his receipt of treatment during the relevant time period for recurrent "disabling back pain", which Plaintiff reported at that time had been present in varying degrees since a fall from a ladder onto concrete in the mid-1980s. The ALJ's only discussion of Plaintiff's

allegation of disabling back pain (one of Plaintiff's chief complaints) consisted of two identical sentences in his decision referencing the Kaiser records (Tr. 22, 24). The diagnoses of lumbar strain (Tr. 127, 135) and degenerative disc disease (138) are uncontradicted in the record. They establish that Plaintiff had a medically determinable impairment before his date last insured.

Furthermore, the court concludes the ALJ's determination concerning Plaintiff's PTSD is not supported by substantial evidence and is based on error. Plaintiff concedes there are no medical records of any treatment for any mental impairment between the alleged date of onset and the date last insured. The first mental health treatment record is from 2002, far beyond his date last insured. However, the absence of contemporaneous medical records does not preclude a claimant from otherwise demonstrating that he was disabled prior to the expiration of his insured status. The Ninth Circuit has explicitly stated that "medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition." *Smith v. Bowen,* 849 F.2d 1222, 1225 (9th Cir. 1988), *citing Parsons v. Heckler*, 739 F.2d 1334, 1340 (8th Cir. 1984); *Poe v. Harris*, 644 F.2d 721, 723 n. 2 (8th Cir. 1981) (in a case of disabling back pain evidence subsequent to last date of eligibility "is pertinent evidence in that it may disclose the severity and continuity of impairments existing before the earning requirement date").

Since 2002, multiple mental health professionals have diagnosed Plaintiff as suffering from PTSD. As Plaintiff explained at the hearing, he "had no idea" about PTSD until 2002 when it came up in

a conversation while he was being tested at a Veteran's Administration clinic for Agent Orange exposure. (Tr. 492). He was handed a pamphlet on PTSD and upon reading it discovered he suffered from the very symptoms described. *Id.* He then began educating himself about the disorder. *Id.* Plaintiff was thereafter examined by several mental health professionals, including John Evan Davis, MHP (September 26, 2002) (Tr. 140-143) and David Bot, M.D. (January 2003) (Tr. 233-239), who diagnosed him with PTSD and personality disorder, among other diagnoses. Records from his visits in 2003 and 2004 to the Spokane Veterans Administration also show that Plaintiff was diagnosed with "chronic and severe" PTSD. (Tr. 288). His actual treatment of PTSD began with his attendance at Vietnam Veterans PTSD Therapy Group in November 2003 and individual therapy sessions with Jeanne M. Far, Ph.D., a specialist in the treatment of trauma-related disorders and PTSD (Tr. 435).

The only record which squarely addresses the issue of onset date is the letter from Dr. Far prepared for Plaintiff's attorney at the request of the Plaintiff. (Tr. 434). In the letter, Dr. Far states the effects of PTSD have caused Plaintiff "significant and lasting damage to his abilities to perform his life functions normally for a period of at least 30 years." (Tr. 434). With little explanation she concludes "[h]is problems with PTSD began at the time of his combat service in Vietnam and have continued to exacerbate in seriousness through to the present time." (Tr. 434). Dr. Far also opines Plaintiff's PTSD symptoms are disabling and his disability has "persisted for a very long period of time." (Tr. 435).

ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT;
REMANDING CASE TO ALJ - Page 13

Although the ALJ did not reject Dr. Far's current diagnosis of PTSD, the ALJ rejected Dr. Far's assessment that it had persisted for some 30 years.  The ALJ rejected Dr. Far's opinion on the onset date for three reasons.  First the ALJ noted Dr. Far had only been treating the Plaintiff since November 2003.  (Tr. 24). Second, the ALJ opined " a review of the claimant's actual treatment records does not show the severity of symptoms that Dr. Far seems to want to endorse for the claimant." *Id*. Finally, the ALJ noted the claimant had cited improvement in anxiety and depression "almost immediately upon treatment." *Id.* After rejecting Dr. Far's opinion, the ALJ went on to select August 2002, the date Plaintiff began mental health treatment, as the onset date of his mental disability.  (Tr. 23-26).

The ALJ's assessment of Plaintiff's mental impairments falls short of the mandates of the law. Social Security Ruling 83-20, which is binding on the Commissioner, see *Heckler v. Edwards*, 465 U.S. 870, 873 n. 3, 104 S.Ct. 1532, 79 L.Ed.2d 878 (1984), provides instruction regarding how to determine the onset date of particular disabilities. See Titles II and XVI: Onset of Disability, 1983 SSR 83-20, 1983-1991 Soc. Sec. Rep. Serv. 49, 1983 WL 31249 (S.S.A.).

In a case like this that involves a disability without a sudden or traumatic origin, SSR 83-20 states that the Commissioner should consider "the applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity." Specifically, "[t]he starting point in determining the date of onset of disability is the individual's statement as to when disability began." *Id*. In addition, "[t]he day the impairment caused the individual to stop work is frequently of great significance..." *Id*.

Although SSR 83-20 recognizes that "medical evidence serves as the primary element in the onset determination," it also acknowledges that "[w]ith slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling." *Id*.

Where contemporaneous medical evidence is not available, "it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process." *Id*.

In some cases, it may be possible, based on the medical evidence to *reasonably infer* that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred. If there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made.

If reasonable inferences about the progression of the impairment cannot be made on the basis of the evidence in file and additional relevant medical evidence is not available, it may be necessary to explore other sources of documentation. Information may be obtained from family members, friends, and former employers to ascertain why medical evidence is not available for the pertinent period and to furnish additional evidence regarding the course of the individual's condition...The impact of lay evidence on the decision of onset will be limited to the degree it is not contrary to the medical evidence of record.

The available medical evidence should be considered in view of the nature of the impairment (i.e., what medical presumptions can reasonably be made about the course of the condition). The onset date should be set on the date when it is most reasonable to conclude from the evidence that the impairment was sufficiently severe to prevent the individual from engaging in SGA (or gainful activity) for a continuous period of at least 12 months or result in death. Convincing rationale must be given for the date selected.

1  *Id.* Finally, SSR 83-20 states that "[t]he date alleged by the
2  individual should be used if it is consistent with all the evidence
3  available." *Id.*

4      In light of the mandates of SSR 83-20 there are errors in the
5  ALJ's decision which also cause the court to conclude this case
6  merits a remand for further administrative proceedings.    First,
7  the ALJ improperly rejected Dr. Far's retrospective opinion.
8  Generally, a treating physician's opinion carries more weight than
9  an examining physician's, and a specialist's opinion carries more
10  weight than a non-specialist.   In this case, Dr. Far is a treating
11  physician who specializes in PTSD.   Accordingly, an ALJ may reject
12  the uncontradicted medical opinion of a treating physician only for
13  "clear and convincing" reasons supported by substantial evidence in
14  the record. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)
15  (internal quotation marks and citation omitted).   Dr. Far's opinion
16  on the onset of Plaintiff's PTSD is uncontradicted as it is the only
17  medical opinion of record expressly addressing the question of
18  onset.   The fact that Dr. Far has only been treating the Plaintiff
19  since November 2003 is not alone basis to reject a treating
20  physician's   retrospective   opinion.    A   treating   physician's
21  retrospective opinion may be probative when based upon clinically
22  acceptable diagnostic techniques and not contradicted by the other
23  medical evidence. *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996)
24  (concerning a treating physician's retrospective assessment).   The
25  ALJ did not inquire as to the basis for her opinion or analyze the
26  diagnostic methods used by Dr. Far to identify the onset of
27  Plaintiff's illness.   Moreover, the ALJ's remaining two reasons for
28  
ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT;
REMANDING CASE TO ALJ - Page 16

rejecting Dr. Far's retrospective opinion do not qualify as "clear and convincing" as they concern his condition *at present* (rather than the date last insured) and do not explain *which* "actual treatment records" the ALJ was comparing.

Next, it is not evident from the decision that the ALJ considered the Plaintiff's own testimony regarding his symptoms and onset date. Given the minimal contemporaneous medical evidence and his step-two determination, the court record reflects a lack of direct attention to the relevant time period during the administrative hearing and the administrative decision's lack of discussion of the Plaintiff's subjective testimony. If a claimant is able to "produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged," and there is no evidence of malingering, the ALJ may only reject the claimant's symptom testimony by providing "specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  Plaintiff provided objective medical evidence of at least, degenerative disc disease and PTSD, during the relevant time period. These underlying impairments could reasonably be expected to cause the symptoms of which Plaintiff complained.  Step two severity determinations, where the medical records do not directly speak to the level of functional limitation, requires the ALJ to consider subjective symptom testimony, in addition to medical evidence, when assessing the severity of Plaintiff's impairments. 20 C.F.R. § 404.1529(d)(I).

Yet no where in his decision did the ALJ provide a discussion of Plaintiff's testimony.  Plaintiff testified for example that he had suffered from severe pain since his fall in the 1980s and that

he had suffered from many of the symptoms of PTSD since returning from Vietnam. Plaintiff testified that he had anger problems and that he had experienced severe depression, anxiety, and suicidal ideation, as well as nightmares, flashbacks and hyper-vigilance. It is not apparent from the ALJ's decision that he even considered the Plaintiff's subjective symptom testimony.

Neither the ALJ nor Plaintiff's attorney attempted to solicit testimony regarding this relevant period of time. A review of the hearing transcript reveals that the relevance of the date when Plaintiff's insured status expired was known and discussed at the beginning of the hearing. (Tr. 482). Despite this understanding, the Plaintiff was never directly questioned about this period of time. Plaintiff was also never questioned about the severity of the PTSD symptoms he described or asked *when* or how frequently he experienced them. Indeed, nearly all of the questions posed to Plaintiff elicited answers which seemingly related to his condition at the time of the hearing.

In light of the nature of the Plaintiff's impairments and the absence of contemporaneous medical evidence, the law requires subjective and lay witness testimony be given careful consideration. The ALJ has a duty to develop the record in Social Security cases, even when the claimant is represented by counsel. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). There should have been further questioning of Plaintiff at the hearing regarding his subjective complaints and conditions as they existed prior to expiration of his insured status.

Other evidence also should have been solicited from Plaintiff's family, friends or other lay witnesses regarding Plaintiff's

condition during the relevant time period. *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) ("For the ALJ to conclude that plaintiff presented no evidence of disability at the relevant time period, yet to simultaneously discount the medical opinion of his treating physician, violates his duty to develop the factual record...."); *see also Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (a hearing on disability benefits is a non-adversarial proceeding in which the ALJ has an affirmative obligation to develop the administrative record).    The court finds helpful here the decision of *Jones v. Chater*, 65 F.3d 102 (8th Cir. 1995).    In *Jones,* the claimant, a wounded, combat veteran of the Vietnam war, argued that his disability was caused by post-traumatic stress disorder stemming from his military service. The record in that case was barren of any further medical reports mentioning mental difficulties until 1991 when Jones sought diagnosis and treatment for possible PTSD. He was subsequently diagnosed as suffering from the disorder by three mental health professionals. The record in that case also contained statements by Jones' relatives regarding dramatic changes in his personality since his service in Vietnam.  The ALJ determined that there was no medical evidence showing that Jones' PTSD had arisen by 1975, his last date insured.  The ALJ denied benefits and was affirmed by the District Court. The Court of Appeals for the Eighth Circuit held that retrospective medical opinions are usually insufficient to establish disability. However, when the record contains some corroboration of claimant's condition during the insured period by lay witnesses, such as family members, retrospective medical diagnosis may suffice in determining the impairment onset date. *See Jones*, 65 F.3d at 104.

1    Notably, although the ALJ did not have this evidence at the
2    time of the hearing, the present record now includes the additional
3    comments of Dr. Far and a statement from Plaintiff's spouse of over
4    26 years.  These records do not support the selection of August
5    2002, the date Plaintiff began mental health treatment, as the onset
6    date of his mental disability.

7                              **CONCLUSION**

8    Although the medical records for the relevant time period may
9    be  sparse, it includes evidence of problems sufficient to pass the
10   *de minimis* threshold of step two. *See Smolen*, 80 F.3d at 1290. And
11   although Plaintiff ultimately bears the burden of establishing his
12   disability, *see Bowen*, 482 U.S. at 146, 107 S.Ct. 2287, the ALJ had
13   an affirmative duty to supplement Plaintiff's medical record, to the
14   extent it was incomplete, before rejecting Plaintiff's application
15   at so early a stage in the analysis. See 20 C.F.R. § 404.1512(e)(1);
16   S.S.R. 96-5p (1996); *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir
17   2005).  "In Social Security cases the ALJ has a special duty to
18   fully and fairly develop the record and to assure that the
19   claimant's interests are considered." *Brown v. Heckler*, 713 F.2d
20   441, 443 (9th Cir. 1983) (per curiam).  The ALJ's duty to supplement
21   the record in this case was triggered by the inadequate and
22   ambiguous record.  See *Tonapetyan v. Halter*, 242 F.3d 1144, 1150
23   (9th Cir. 2001).  Moreover, the ALJ erred in summarily denying
24   Plaintiff's application for DIB without the analysis called for by
25   SSR 83-20.

26   Accordingly, the court remands this case for further
27   development of the record and evaluation with particular focus on
28   the requirements of SSR 83-20 and the relevant period of time. The

1  only relevant inquiry on remand is whether Plaintiff was disabled on

2  or before December 31, 1995.

3      Upon undertaking a full and thorough examination of the entire

4  record, it is expected the ALJ's analysis will go beyond step two,

5  but may very well arrive at the same final conclusion.  The court

6  expresses no opinion on the merits of this matter. On remand, the

7  ALJ may revisit the record and encouraged to take such testimony as

8  he deems appropriate or necessary.

9      Accordingly, **IT IS HEREBY ORDERED:**

10     The court reverses the ALJ's final determination and **REMANDS**

11 this case to the Commissioner for further administrative

12 proceedings, pursuant to the fourth sentence of 42 U.S.C. §§ 405(g).

13     Defendant's Motion for Summary Judgment (Ct. Rec. 22) is hereby

14 **DENIED;**

15      Plaintiff's Motion for Summary Judgment (Ct. Rec. 16) is

16 **GRANTED** to the extent that it seeks a reversal of the Commissioner's

17 decision, and **DENIED** to the extent that it seeks an award of

18 benefits.

19     The District Court Executive is directed to enter this Order

20 and an Order of Judgment and forward copies to counsel, and **CLOSE**

21 this file.

22     **DATED** this 5ᵗʰ     day of February, 2007.

23

24                              s/ Lonny R. Suko for & on behalf of
                                ALAN A. McDONALD
25                              SENIOR UNITED STATES DISTRICT JUDGE

26

27

28